UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAHEEM ELLIS,**

      **Plaintiff,**

v.                                                 Case No:   6:16-cv-1384-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Raheem Ellis (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying his application of Disability Insurance Benefits ("DIB"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred in his treatment of: 1) the opinions of Claimant's treating psychiatrist; and 2) a disability determination by the United States Department of Veterans Affairs (the "VA"). Doc. No. 18 at 10-14, 17-19. Claimant requests that the Commissioner's decision be reversed and remanded for further proceedings. *Id.* at 20. For the reasons set forth below, it is **ORDERED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

    **I.**      **PROCEDURAL BACKGROUND**

On June 4, 2013, Claimant applied for DIB. R. 220. Claimant alleges a disability onset date of May 31, 2009. R. 216. On August 9, 2013, the Commissioner denied Claimant's application. R. 152. On September 4, 2013, Claimant filed a request for reconsideration. R. 156. On October 2, 2013, the Commissioner denied Claimant's request for reconsideration. R. 158. On October 16, 2013, Claimant filed a request for a hearing before the ALJ. R. 164. On November 12, 2014,

Claimant attended a video hearing before the ALJ. R. 17, 41-74. On February 24, 2014, the ALJ issued an unfavorable decision. R. 17-35. On April 6, 2015, Claimant filed his request for review of the ALJ's decision. R. 8. On June 14, 2016, the Appeals Council denied Claimant's request. R. 1-6. On August 2, 2016, Claimant filed his appeal. Doc. No. 1.

## II.    STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS

Central to Claimant's appeal is the ALJ's treatment of two opinions from Dr. Lantie Quinones, a VA psychiatrist. R. 634, 640-43. Claimant argues that the ALJ erred by not providing

good cause for giving little weight Dr. Quinones' opinions. Doc. No. 18 at 10-14. The Commissioner argues that the ALJ provided good cause reasons for the same. *Id.* at 16-17.

On March 16, 2011, Claimant underwent an initial mental health evaluation with Dr. Quinones. R. 429-33. The record shows Claimant visiting Dr. Quinones multiple times between his initial evaluation and July 31, 2013. Doc. No. 18 at 2-7, R. 621. On March 13, 2014, Dr. Quinones sent correspondence to the VA regarding Claimant's mental condition (the "March Opinion"). R. 634. Dr. Quinones states that as of March 13, 2014, Claimant was still under his care at a VA outpatient clinic and is followed monthly due to his severe anxiety disorder and panic attacks. *Id.* The March Opinion also notes that Claimant "continues to struggle with day to day life…has difficulties with cognition[,]and has at times endorsed difficulty with using familiar tools." *Id.* Claimant also has trouble concentrating and has difficulty leaving the house due to mood and anxiety problems. *Id.* Based on the foregoing, Dr. Quinones found that "it would be very difficult for him to participate safely in a work setting due to his illnesses and symptoms…" *Id.*

On April 2, 2014, Dr. Quinones completed a Mental Impairment Questionnaire (the "April Opinion"). R. 640-43. In the April Opinion, Dr. Quinones states that he has treated Claimant for three years and sees him every three months. R. 640. Dr. Quinones diagnosed Claimant with Generalized Anxiety Disorder, Panic Disorder with Agoraphobia, Depression not otherwise specified, social isolation, and chronic migraine headaches. *Id.* The April Opinion notes that Claimant has intermittent panic attacks and short term memory problems. *Id.* The April Opinion also states that Claimant has: 1) moderate restrictions in daily living activities; 2) extreme difficulties in maintaining social functioning; and 3) marked difficulties in maintaining concentration, persistence, or pace. R. 642. Dr. Quinones believes that Claimant's impairments would cause Claimant to be absent from work more than four days per month. R. 643.

At the hearing, the Claimant stated that he has been visiting Dr. Quinones since 2011:

> Q: Is there anything else or any other behavior that you exhibit during one of these episodes? Aside from the physical things you just talked about[?]
>
> A: Focusing, thinking pattern—thinking pattern can be blurred, unclear.
>
> Q: Okay. Now who treats you [f]or that?
>
> A: [Dr. Quinones].
>
> Q: How long have you been seeing Dr. [Quinones]?
>
> A: I've been seeing Dr. [Quinones] since 2011, 2010.
>
> Q: Okay.
>
> A: [2011].

R. 58. Thus, the ALJ was aware that Claimant has been visiting Dr. Quinones since 2011. *Id.*

At step four of the sequential evaluation process, the ALJ states that "according to the medical record… [Claimant] last sought treatment of any kind more than a year prior to the hearing…"[1] R. 31 (emphasis added). The ALJ then summarized Dr. Quinones' opinions and gave them little weight:

> Recognizing that Dr. Quinones is [Claimant's] treating psychiatrist, the undersigned gives his opinions little weight. To begin with, while [Dr. Quinones] completed his most recent statements in March and April 2014, there is no medical evidence of record that [Claimant] has seen Dr. Quinones since July 31, 2013. Although Dr. Quinones once again recommended that he restart therapy at that visit, [Claimant] followed up with his therapist Dr. Westwell only once after Dr. Quinones made that recommendation and attended only one of the group therapy session recommended by Dr.

---

[1] The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The ALJ must determine: 1) whether the claimant has engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the severe impairment meets or equals the severity of one of the listed impairments; 4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work; and 5) whether (considering the claimant's RFC, age, education, and work experience) the claimant could perform other work within the national economy. *Id.*

> Westwell. In addition, Dr. Quinones' opinions are inconsistent with [Claimant's] active lifestyle since the alleged onset date of disability. As detailed above, [Claimant's] active activities of daily living since the alleged onset date of disability, which has included working in 2011 and 2012, joining a gym, bodybuilding, taking a placement test for college and dating.

*Id.* (emphasis added). Thus, the ALJ gave little weight to Dr. Quinones' opinions for three reasons: 1) there has been no medical evidence in the record showing that Claimant has seen Dr. Quinones since July 31, 2013; 2) Claimant's failure to attend therapy sessions prescribed by Dr. Quinones; and 3) Dr. Quinones' opinions are inconsistent with Claimant's statements regarding his daily activities (particularly, Claimant's employment in 2011 through 2012, joining a gym, bodybuilding, taking a placement test for college, and dating). *Id.*

Claimant makes a number of arguments as to why the ALJ did not present good cause in giving little weight to Dr. Quinones' opinions. Doc. No. 18 at 12-14. First, Claimant argues that that the ALJ's first reason failed to consider the April Opinion's statement that Claimant continued to be under Dr. Quinones' care and visited him every three months:

> The ALJ thought that it was significant that Plaintiff did not attend any sessions with Dr. Quinones from July of 2013 through April of 2014, when [Dr. Quinones] completed the [April Opinion]…The record reflects, however, that the most recent set of records sent by the VA only covered the period through September of 2013…Dr. Quinones wrote in 2014 that [Claimant] continued to be under his care and followed up once every three months…So, the record does not support the ALJ's finding that Plaintiff suddenly ceased all of his treatment with Dr. Quinones in September 2013.

*Id.* at 12-13(citations omitted). Thus, Claimant argues that the ALJ's first argument failed to consider the quarterly visits referred to in the April Opinion. *Id.* Both parties agree that the record does not contain any supporting treatment notes for these events. Doc. No. 18 at 12, 16. Second, Claimant argues that the ALJ erred in considering Claimant's failure to attend therapy sessions prescribed by Dr. Quinones because such therapy sessions were found to be counterproductive. *Id.*

Third, Claimant argues that the ALJ improperly cited to Claimant's GAF scores as a reason for rejecting Dr. Quinones' opinion. *Id.* Fourth, Claimant argues that the ALJ erred in finding Claimant's daily activities inconsistent with Dr. Quinones' opinions. *Id.* The Commissioner argues that the ALJ applied the proper legal standards in rejecting Dr. Quinones' opinion. *Id*. at 17.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part in determining whether a claimant is disabled. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). However, there are a few situations in which good cause allows an ALJ to give a treating physician's opinion less than substantial weight. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Specifically:

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Id.* Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Id.* When the ALJ provides his

or her reasons for giving a treating physician's opinion less than substantial weight, the ALJ cannot misstate the record when citing such reasons. *See Somogy v. Comm'r of Soc. Sec.*, 366 F.App'x 56, 63 (11th Cir. 2010) (finding that an ALJ improperly discounted a treating physician's residual functional capacity assessment because the ALJ improperly stated that the claimant has not seen the physician for several years prior to the assessment).[2]

The undersigned finds that the ALJ committed reversible error by providing a material misstatement of the record. As noted above, the ALJ's first reason for giving Dr. Quinones' opinion little weight was that "there is no medical evidence of records that [Claimant] has seen Dr. Quinones since July 31, 2013." R. 31. The ALJ also states that "according to the medical record…[Claimant] last sought treatment of any kind more than a year prior to the hearing…" *Id*. Nevertheless, the record clearly states otherwise. R. 58, 634, 640-43. At the hearing, Claimant stated that he has been visiting Dr. Quinones since 2011. R. 58. The March Opinion states that as of March 13, 2014, Claimant was under his care at a VA outpatient clinic and is followed monthly. R. 634. The April Opinion states that as of April 2, 2014, Claimant has been visiting Dr. Quinones for the past three years and follows Claimant every three months. R. 640. Despite the apparent differences in the frequency of visits, both opinions show that Claimant continued to visit Dr. Quinones after July 31, 2013. R. 634, 640-43.

As stated above, it is reversible error to misstate the record when providing reasons for giving a treating physician's opinion less than substantial weight. *See supra*, pg. 7. In *Somogy,* 366 F.App'x at 63 the Eleventh Circuit found error in a similar situation:

> The ALJ accorded little weight to [a treating physician's] residual functional capacity assessment…because "[the claimant] may not have seen [the treating physician] from October 2003 until March of 2007 when the residual functional capacity questionnaire was

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

> completed…" We first note that the ALJ's latter determination is flatly contradicted by the record, which reflects that [the claimant] visited [the treating physician] at least ten times between October 2003 and March 2007…To the extent that the ALJ's decision was based on this clearly erroneous finding of fact, it is not supported by substantial evidence.

*Id.* (citations omitted). Thus, the Eleventh Circuit held that because the ALJ's decision was based on a material misstatement of the record, the ALJ's decision cannot be supported by substantial evidence. *Id.* The undersigned finds *Somogy* persuasive. Thus, the undersigned finds that the ALJ committed reversible error by discounting Dr. Quinones' opinions on a basis that is not good cause, because the reason stated is not supported by substantial evidence.[3]

### IV.   CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to award judgment in favor of Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on April 6, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[3] This issue is dispositive and therefore there is no need to address Claimant's argument regarding the ALJ's treatment of the VA's disability determination. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 Fed.Appx. 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). On remand, the ALJ should attempt to locate the treatment notes reflecting the visits referred to in the March Opinion and April Opinion.

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Nanette P. Cruz
Ste 110
988 Woodcock Rd.
Orlando, FL 32803
Salim A Punjani
P.O. Box 57007
Atlanta, GA 30343-1007

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602-4798

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920
The Honorable Jonathan Stanley
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224